UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. CORTES,<br><br>Plaintiff,<br><br>v.<br><br>MTC FINANCIAL INC., d/b/a TRUSTEE CORPS; JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | No. 18-cv-01269-DAD-BAM<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S SECOND UNOPPOSED MOTION TO WITHDRAW<br><br>(Doc. No. 17) |

This matter is before the court on attorney Mohammad Maaz's second unopposed motion to withdraw as plaintiff's counsel of record. (Doc. No. 17.) On March 12, 2019, this motion came before the court for hearing at which time attorney Maaz and defense counsel Bryant Delgadillo both appeared telephonically. Having considered the motion, and having heard from counsel, the court will grant plaintiff's counsel's motion to withdraw.

**BACKGROUND**

Plaintiff Martin Cortes ("plaintiff") filed his original complaint in Stanislaus County Superior Court on August 16, 2018, alleging multiple causes of action arising out of foreclosure proceedings initiated by defendants. (*See* Doc. No. 2 at 10–28.) On September 14, 2018,

1

defendant JPMorgan Chase Bank, National Association ("JPMorgan") removed the case to this federal court based on diversity jurisdiction. (Doc. No. 1.)

Plaintiff's counsel's first motion to withdraw was filed on October 3, 2018. (Doc. No. 7.) On November 6, 2018, the motion was argued, submitted, and denied without prejudice. (Doc. No. 10.)

On October 19, 2018, defendant JPMorgan filed a motion to dismiss. (Doc. No. 8.) On December 11, 2018, plaintiff's counsel filed a belated statement of non-opposition to the motion to dismiss, noting that he had been unable to contact or communicate with plaintiff. (Doc. No. 12.) On December 18, 2018, the court held a hearing on the motion to dismiss and took the motion under submission for decision. (Doc. No. 15.)

On January 28, 2019, plaintiff's counsel filed his second motion to withdraw as attorney of record. (Doc. No. 17.) The motion is unopposed, and the court has not received any correspondence from plaintiff regarding the proposed withdrawal of counsel despite his having been served with the motion. Plaintiff did not appear at the hearing on March 12, 2019.

**ANALYSIS**

An attorney may not withdraw as counsel of record except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Shalaby v. Newell Rubbermaid, Inc.*, No. 07CV2107-MMA (POR), 2008 WL 11337437, at *1 (S.D. Cal. Dec. 30, 2008) (quoting *Beard v. Shuttermart of Cal. Inc.*, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008)). In ruling on a motion to withdraw, courts consider factors such as "(1) the reasons why the withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *McClintic v. U.S. Postal Serv.*, No. 1:13-cv-00439-LJO-GSA, 2014 WL 51151, at *2 (E.D. Cal. Jan. 7, 2014); *see also Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010); *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. CV 09-3200PSG(VBKX), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009); *Canandaigua Wine Co. v. Moldauer*, No. 1:02-cv-

06599 OWW DLB, 2009 WL 89141, at *1 (E.D. Cal. Jan. 14, 2009).

Under the Local Rules of the Eastern District of California, "an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared." L.R. 182(d). Leave to withdraw is "subject to such appropriate conditions as the Court deems fit." *Id.*

The court concludes that it now has sufficient information supporting counsel's motion to withdraw. Counsel submitted a declaration explaining the reasons for withdrawal and his efforts to notify plaintiff of the instant motion. (Doc. No. 17-1.) Here, counsel seeks withdrawal because plaintiff has stopped responding to communication from counsel and appears to have terminated the attorney-client relationship. (*Id.* at 2–3.) At the hearing on the pending motion, counsel stated that he sent plaintiff a letter via overnight mail in November 2018. On December 7, 2018, plaintiff contacted counsel's office, informed them that he no longer wished to work with them and demanded the return of his case file. (*Id.* at 2.) Counsel requested that plaintiff sign a substitution of attorney, which plaintiff refused to do. (*Id.*) Since the December 7, 2018 contact, counsel reports that plaintiff has again been unresponsive to all of counsel's attempts at communication. (*Id.*) At the hearing, counsel stated that at plaintiff's request the case file has been returned to him. In his declaration, counsel provided the last known mailing address of plaintiff and stated that he served the instant motion to withdraw on plaintiff. (*Id.* at 2–3.) At the request of defense counsel and the court, plaintiff's counsel also provided plaintiff's last known phone number and email address. (*See* Doc. No. 20.)

The court acknowledges that any efforts to represent plaintiff are futile if plaintiff has terminated the relationship and refuses to communicate with his current counsel. Further, withdrawal at this point in the litigation will result in minimal prejudice, harm, or delay, because the initial scheduling conference has not yet occurred, and a trial date has not yet been set. Currently, defendant's motion to dismiss (Doc. No. 8) remains pending before the court.

Because plaintiff has not filed a substitution of attorney, the court will direct plaintiff to inform the court in writing within fourteen days of the service of this order whether he intends to continue prosecuting this action and, if so, whether he intends to obtain substitute counsel or

proceed *pro se*. Any failure by plaintiff to respond to the court's order in this regard will result in the dismissal of this action for failure to prosecute and failure to comply with the court's order.

**CONCLUSION**

For the forgoing reasons:

1. Plaintiff's counsel's motion to withdraw (Doc. No. 17) is granted;
2. The Clerk of the Court is directed to terminate Attorney Mohammad Maaz as the counsel of record for plaintiff Martin J. Cortes;
3. Plaintiff is substituted in *pro se* and is directed to comply with all hearing dates and the rules of the court;
4. The Clerk of the Court is directed to enter the following contact information as plaintiff's address of record;

    Martin J. Cortes
    2208 Carver Road
    Modesto, CA 95350
    (209) 360-7431
    hustler2019@gmail.com

5. The Clerk of the Court is directed to serve the pending motion to dismiss (Doc. No. 8), motion to withdraw as attorney (Doc. No. 17), and this order on plaintiff by mail; and
6. Plaintiff is directed to inform the court within fourteen (14) days of this order whether he intends to continue prosecuting this action and, if so, whether he intends to obtain new counsel or represent himself. Any failure by plaintiff to respond to the court's order in this regard will result in the dismissal of this action for failure to prosecute and failure to comply with the court's order.

IT IS SO ORDERED.

Dated: **March 14, 2019**

UNITED STATES DISTRICT JUDGE

4