UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. CORTES,<br><br>Plaintiff,<br><br>v.<br><br>MTC FINANCIAL INC., d/b/a TRUSTEE CORPS; JPMORGAN CHASE BANK, N.A.,<br><br>Defendants. | No. 18-cv-01269-DAD-BAM<br><br>ORDER DISMISSING CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE<br><br>(Doc. No. 17) |

This matter came before the court on March 12, 2019 for hearing of attorney Mohammad Maaz's second unopposed motion to withdraw as plaintiff's counsel. (Doc. No. 17.) On March 14, 2019, the court granted attorney Maaz's second motion to withdraw and directed the Clerk of the Court to enter contact information for plaintiff Martin J. Cortes' address of record. (Doc. No. 22 at 4.) The Clerk of the Court was directed to serve the pending motion to dismiss (Doc. No. 8) and the order granting the motion to withdraw as attorney (Doc. No. 17) on plaintiff by mail at plaintiff's address of record. (*See* Doc. No. 22 at 4.) Plaintiff was directed to inform the court within fourteen (14) days of that order whether he intended to continue prosecuting this action and, if so, whether he intended to obtain new counsel or represent himself. (*Id.*) Additionally,

1

the court informed plaintiff that any failure to respond to the court's order in this regard would result in the dismissal of this action for failure to prosecute and failure to comply with the court's order. (*Id.*) On March 27, 2019, service of the court's order was returned as undeliverable to plaintiff's address of record.

**BACKGROUND**

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. *Hernandez*, 138 F.3d at 398; *Ferdik*, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*

Here, the court previously granted attorney Maaz's second motion to withdraw based on counsel's representation that plaintiff has been "unresponsive to all of counsel's attempts at communication." (Doc. No. 22 at 3.) At the March 12, 2019 hearing, attorney Maaz stated that he was last in communication with plaintiff on December 7, 2018, when plaintiff contacted his law office and stated that he no longer wished to work with them. (*Id.*) Plaintiff did not appear at the hearing on March 12, 2019, at which hearing attorney Maaz provided the court with the last known mailing address of plaintiff. However, the attempted service of the court's order following the hearing on plaintiff was returned as undeliverable. Plaintiff did not inform the

court within fourteen days of the court's order whether he intends to continue prosecuting this action. To date, plaintiff has made no efforts to communicate with the court. Without a current mailing address for plaintiff, issuing another order for plaintiff to show cause why this case should not be dismissed would be futile.

Plaintiff's failure to prosecute this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility.[1] Therefore, this action is dismissed due to plaintiff's failure to prosecute, as well as his failure to comply with the court's orders. *See* Fed. R. Civ. P. 41(b).

**CONCLUSION**

Accordingly:

1. This action is dismissed due to plaintiff's failure to obey a court order and failure to prosecute;
2. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __April 15, 2019__

_____
UNITED STATES DISTRICT JUDGE

---

[1] If plaintiff receives notice of this dismissal and wishes to continue to prosecute this case, he may file a motion pursuant to Rule 60(b), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . .." Fed. R. Civ. P. 60. *See United States v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982) (Rule 60(b) permits judgments to be set aside in "extraordinary circumstances" in which "such action is appropriate to accomplish justice.") (citing *Klapprott v. United States*, 335 U.S. 601, 615 (1949)).