UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN J. CORTES-SALCEDO,<br><br>Plaintiff,<br><br>v.<br><br>MTC FINANCIAL INC., d/b/a TRUSTEE CORPS, et al.,<br><br>Defendants. | No. 1:18-cv-01269-DAD-BAM<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE<br><br>(Doc. No. 26) |

Before the court is plaintiff's motion to reopen this closed action filed pursuant to Federal Rule of Civil Procedure 60(b) on October 7, 2019.[1]  (Doc. No. 26.)  The court dismissed this case on April 16, 2019 due to plaintiff's failure to prosecute this action and failure to obey a court order. (Doc. No. 24.)  Judgment was entered back on April 16, 2019.  (Doc. No. 25.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has

---

[1] The undersigned apologizes for the delay in the issuance of this order.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district has reached crisis proportion.  Unfortunately, that situation sometimes results in a submitted matter being overlooked for a period of time and that occurred with respect to this motion.

1

1  been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."
2  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any
3  event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*
4       Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the
5  interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of*
6  *Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531
7  F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)).  In seeking
8  reconsideration under Rule 60, the moving party "must demonstrate both injury and
9  circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and
10 citation omitted).
11      "A motion for reconsideration should not be granted, absent highly unusual
12 circumstances, unless the district court is presented with newly discovered evidence, committed
13 clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
14 raise arguments or present evidence for the first time when they could reasonably have been
15 raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571
16 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in
17 original).  Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or
18 different facts or circumstances are claimed to exist which did not exist or were not shown"
19 previously, "what other grounds exist for the motion," and "why the facts or circumstances were
20 not shown" at the time the substance of the order which is objected to was considered.
21      Here, plaintiff's motion does not identify any basis under Rule 60(b) for this court to
22 reconsider its dismissal of this action due to plaintiff's failure to obey a court order and failure to
23 prosecute.  Plaintiff does not explain why he failed to obey the court's order requiring him to
24 inform the court of whether he intended to continue prosecuting this action after the court granted
25 his counsel's motion to withdraw, in part because plaintiff had been unresponsive to his counsel's
26 attempts at communication.  (*See* Doc. No. 24 at 2.)  Accordingly, the court will deny plaintiff's
27 motion to reopen this closed case.
28 /////

Moreover, in the pending motion, plaintiff states that he is now serving a jail sentence, and he requests that the court mail him copies of his "lawsuit paperwork" so he can file a pro-per lawsuit. (Doc. No. 26.) The court notes that plaintiff is not precluded from filing another lawsuit asserting his claims if he chooses to do so, as the court's dismissal of this closed case was without prejudice.[2] (*Id*.) Thus, the court will direct that a copy of plaintiff's complaint be mailed to plaintiff at his current address of record.

Accordingly,

1. Plaintiff's motion to reopen this closed case (Doc. No. 26) is denied;
2. The Clerk of the Court is directed to mail a copy of Document No. 2 in this action to plaintiff's address of record;
3. This case shall remain closed; and
4. No further filings will be entertained in this closed case.

IT IS SO ORDERED.

Dated:  **October 6, 2020**                              /s/ Dale A. Drozd
                                                                            UNITED STATES DISTRICT JUDGE

---

[2] Subject, of course, to the applicable statute of limitations.